IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 03 2012

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

KAPPELLE SIMPSON-EL                                   PLAINTIFF

VS.                    NO. 2:12-CV-004 SWW

UNITED STATES OF AMERICA                              DEFENDANT

COMPLAINT   This case assigned to District Judge Wright
                                       and to Magistrate Judge Volpe

COMES THE PLAINTIFF, by his attorneys, Sandy S. McMath & Associates, PA, and for his cause of action against the defendant states and alleges as follows:

I.

Plaintiff is a citizen of the United States presently a resident prisoner at the Federal Correctional Complex, El Reno, OK, but at all times relevant hereinbefore at the Federal Correctional Complex (FCC-Low), located in Forrest City, AR. FCC-Low is a Minimum Security Facility housing non-violent offenders whose histories indicate that they pose little or no ("Low") risk of escape or of harm to themselves, staff or others.

II.

Defendant is the United States of America, hereinafter "defendant", who is the operator of the said prison.

III.

This action is brought pursuant to the Federal Tort Claims Act, 28 USC Sec. 2671, et seq. This Court has jurisdiction hereof pursuant to 28 USC Sec. 1346(b). The negligence alleged in this Complaint occurred in St. Francis County, Arkansas, hence venue in this Division of this Court is proper pursuant to 28 USC Sec. 1402(b).

IV.

On December 15, 2010, plaintiff duly submitted, pro se, a timely administrative remedy tort claim, No. TRT-SCR-2011-01780, to the U.S. Department of Justice, Bureau of Prisons, receipt of which was acknowledged by one K. Summers, "Paralegal Specialist, South Central Region."

V.

On September 19, 2011, plaintiff's claim was denied by one James A. Alckler, Regional Counsel of the said South Central Region office.

VI.

WHEREUPON, this action is properly brought under the Federal Tort Claims Act, specifically 28 USC Sec. 2401(b) and 28 USC Sec. 1346, et seq.

VII.

As an inmate of the said FCC Low, Forrest City, plaintiff from time to time was encouraged and authorized to participate in open recreation athletics, including basketball, during one occasion of which, on or about September 1, 2009 at approximately 6:30 p.m., he sustained an injury to his lower left leg at the ankle causing severe pain and swelling and inhibiting his ability to walk. Plaintiff was sent by the recreation supervisor to Health Services, where he was ordered to report for Sick Call the following morning, September 2, 2009, which he did, being told to "watch the call out" for an appointment to have his leg examined. No such call ever came.

VIII.

With the pain and swelling in his foot increasing, yet with no examination appointment from Health Services, plaintiff made intermittent verbal requests to clinic

staff until at length, on or about October 26, 2009, he was finally seen by a paramedic or physician assistant (PA), who briefly examined his leg and ankle and informed him that all he had was an ankle sprain which would heal with time. Plaintiff was given aspirin and a prescription for pain medication by the PA and informed by the employee that no further intervention was necessary. However, the pain and swelling continued unabated, which plaintiff reported repeatedly to Health Services duty personnel, resulting in a re-examination of his injury on or about December 30, 2009, by a PA who told him that he had suffered a torn Achilles tendon, but no care was prescribed other than to continue with the aspirin and pain medication as before.

IX.

Plaintiff's distress continued, leading him to return regularly to Health Services seeking further care, including referral to an orthopedic surgeon, but to no avail. In spite of his pain, plaintiff attempted to resume recreation to maintain fitness, which efforts, on June 29, 2010, resulted in a re-injury, later determined to be an almost clear-through tear of his Achilles tendon resulting in even greater swelling and pain.

X.

Finally, on November 9, 2010, plaintiff was taken to a Forest City hospital and given an MRI, after which, on or about December 10, 2010, he was taken for the first time for examination by a physician, Bret Sokoloff, M.D., 3960 Knight Arnold Road, Memphis, TN 38118, a surgeon under contract with defendant's prison. Dr. Sokoloff quickly determined that plaintiff's left Achilles Tendon had sustained such severe tearing and dislocation that surgery offered the only possibility of pain alleviation and some

regaining of normal ambulation, though due to the exceptionally long delay from injury to referral, normally successful results were unlikely.

XI.

In the event, plaintiff elected to undergo the surgery, which was performed by Dr. Sokoloff January 27, 2011, and while the tendon remained intact and some of the pain subsided, significant tear and distention remain so that plaintiff will never again be able to walk, intermittent moderate to severe pain will recur, his ability to walk, run and compete in basketball and other athletic endeavors will remain impaired.

XII.

Defendant was negligent in the following particulars:

1. Hiring untrained and unqualified management and administrative personnel to operate its prison, in particular the FCC (Low) "Health Services Department", and failing properly to instruct and supervise those persons concerning proper responses to injured inmates, such as plaintiff, so as to reduce the hazard of their not receiving prompt and essential diagnoses and care for serious injuries, such as that at Bar.

2. Failing to operate its prison and, in particular, the said "Health Services Department", in accordance with accepted standards of medical practice so as to provide its captive patients, for whom the said clinic is the sole permitted provider, with proper and timely diagnoses and care of their injuries.

3. Failing accurately and promptly to diagnose plaintiff's torn or deformed Anchilles Tendon or, in the alternative, to transport him to a nearby hospital, clinic or other provider, such as Dr. . Sokoloff in Memphis, in an orderly and timely manner following his injury where such a diagnosis could be made and proper surgery and follow-up care

provided, or, in the alternative, to have the injury examined at the prison by a physician capable and competent to do so and render a diagnosis and plan of care.

4. Negligently engaging in a pattern and practice of arbitrary and spiteful delay, procrastination and postponement of timely transport of patients to essential outside care, such as that provided by Dr. Sokoloff, long after the necessity of such care was apparent, thus stymieing the ability of such physicians to provide proper care by substantially reducing its chances of success, such as occurred by the more than 14-month delay beetween plaintiff's injury and his MRI & X-rays and examination and surgery by Dr. Solokoff, in spite of his repeated requests, thereby resulting in a significant exacerbation of his injury and needlessly handicapping the chances of surgical success.

5. Failing to adopt and publish for its administrators and nurses and other health services personnel and their supervisors clear policies and procedures for dealing with first response and emergent care of injuries such as that sustained by plaihtiff so as to increase the likelihood that such patients are properly diagnosed and treated.

6. Failing properly to supervise the training and enforcement of its policies, practices and procedures so as to assure that all care personnel and prison administrative staff are familiar with proper emergent diagnosis, treatment and/or transport.

7. Intentionally delaying the provision of necessary medical care to patient inmates, such as plaintiff, in his case for more than 14 months, thereby substantially increasing the hazard of permanent injury and otherwise avoidable or ameliorable harm such as that which resulted to plaintiff.

8. Causing and/or permitting plaintiff to re-injure his Achilles Tendon, the hazard of which, had he been under proper care, would have been substantially reduced.

XIII.

Such actions, which the defendant and its subalterns knew, or upon the exercise of reasonable diligence should have known, would result in the exacerbation of plaintiff's injuries as alleged, constituted deviations from the standard of medical practice in this community or in similar communities, constituting thereby medical negligence or malpractice, the said fault being imputable to the defendant *respondeat superior*.

XIV.

At all relevant times herein, the staff and personnel of FCC-Low Forrest City were employees, agents and/or servants of the defendant and were acting within the course and scope of their employment and/or agency and pursuant to defendant's instructions, control and supervision, for all of whose actions the defendant is responsible in tort to plaintiff, both directly and *respondeat superior*

XV

As a direct and proximate result of the negligence of the defendant directly and, *respondeat superior*, through that fault of its employees, agents and servants as set forth herein, plaintiff has sustained permanent and pronounced distention of his Achilles Tendon, a distortion and disfigurement of his left foot and leg at the right ankle, including an ugly bulging scar of some six (6") inches, has been impaired in his ability to walk, run, exercise and compete athletically in a normal manner and to perform tasks requiring extended ambulation or running, has been impaired in his ability to earn, has suffered a loss of future income, will incur future medical expenses in his care and treatment, and has sustained hedonic damage to his quality of life, for all of which he prays damages in an amount fully and fairly to compensate him up to and including the sum of three

million, five hundred thousand dollars ($3,500,000.00), for his costs herein and for all other appropriate relief to which he shall be entitled.

                                        Sandy S. McMath, PA

                                        711 West 3d Street
                                        Little Rock, AR 72201
                                        501-396-5414
                                        sandymcmath@aol.com

BY _____
     SANDY S. MCMATH
     AR BAR NO. 66049

## CERTIFICATE OF SERVICE

     Pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure, a file-marked copy hereof and a duly executed Summons, are being served this 3d day of January 2012 by Certified United States Mail, Return Receipt Requested, upon the following: Honorable Eric Holder, Attorney General of the United States, 5137 Robert F. Kennedy Building, 10th Street & Constitution Avenue NW, Washington, DC 20530; Honorable Christopher R. Thyer, United States Attorney, Eastern District of Arkansas, P.O. Box 1229, Little Rock, AR 72203, Ms. Jeffifer Niemeyer, Civil Process Clerk; U.S. Attorney's Office, E.D. AR, P.O. Box 1229, Little Rock, AR 72203; Honorable Charles S. Samuels, Jr., Director, United States Bureau of Prisons, 320 First Street NW, Washington D.C. 20534; and the Honorable Kathleen Kenney, General Counsel, United States Bureau of Prisons, 320 First Street NW, Washington D.C. 20534

                                        _____
                                        SANDY S. MCMATH