IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KAPPELLE SIMPSON-EL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:12CV00004 SWW |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

**OPINION AND ORDER**

Before the Court is plaintiff's motion for declaratory judgment and protective order to enforce settlement agreement. The government responded to the motion and plaintiff filed a reply. The Court held a hearing on the motion on November 3, 2015. The parties submitted post-hearing briefs. For the reasons stated at the hearing, the motion is granted.

I.

Plaintiff Kappelle Simpson-El filed a lawsuit on January 3, 2012, alleging a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. He injured his ankle in 2009 while he was a prisoner at the Bureau of Prisons facility in Forrest City, Arkansas, and complains that defendant failed to diagnose and appropriately treat his injury. The parties settled the case on June 26, 2014, the government agreeing to pay plaintiff $200,000.00.[1]

Shortly before settlement negotiations began, the government notified plaintiff that any

---

[1] Upon being notified that a settlement had been reached, the Court entered an Order of Dismissal on June 29, 2105, dismissing all claims against defendant with prejudice. The Court retained jurisdiction for 30 days to reopen the case if further litigation were necessary. ECF No. 33.

judgment he might obtain would be subject to offset the restitution he owed in accordance with the Judgment and Commitment entered by the United States District Court for the District of Kansas in his criminal case. That judgment ordered plaintiff to pay restitution to a number of victims, including car dealerships and insurance companies, in the amount of $432,930.00.

The government explains that before any settlement payment can be disbursed to plaintiff, the Judgment Section of the Bureau of the Fiscal Service of the United States Department of the Treasury must certify that such payment is appropriate. The government anticipates that once the Treasury Department certifies the payment, it will recognize that plaintiff has an outstanding debt and, through its centralized debt collection program known as the Treasury Offset Program ("TOP"), will withhold the settlement payment to pay restitution in the criminal case. In fact, on May 29, 2015, the United States Department of Justice issued a Notice of Intent to Offset to plaintiff, stating that the judgment for restitution entered against him was due and payable immediately.[2]

Plaintiff argues the TOP does not apply to his case and that it is against public policy to permit the government to seize money from a criminal defendant who successfully brings a claim of medical malpractice against it. The government asserts the Court lacks jurisdiction to consider plaintiff's motion, arguing the FTCA's limited waiver of sovereign immunity does not extend to claims against the government for failure to perform under a contract.

II.

The FTCA includes an express waiver of sovereign immunity, making the United States liable for the torts of its employees. 28 U.S.C. § 1346(b)(1). Section 1346(c) provides: "The

---

[2]As of the date of the notice, the balance due was $406,095.08. *See* ECF No. 36-3.

jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section." Pursuant to § 1346(c), the Court finds it has jurisdiction to consider the validity of the government's claim of entitlement to administrative offset under the TOP.

Under 31 U.S.C. §3716(c)(6), federal agencies that are owed a past due debt shall refer the delinquent debt to the Treasury Department for inclusion in TOP, provided the debt is eligible for administrative offset. A debt is eligible for administrative offset when it is: a) past due in the amount stated by the creditor agency; b) legally enforceable; c) more than $25 or other amount as prescribed by the Fiscal Service: and d) not secured by collateral subject to a pending foreclosure action, unless the creditor agency certifies the offset will not affect the government's rights. *See* 31 C.F.R. § 285.5(d)(3)(I). Plaintiff argues that because the restitution he owes in his criminal case is not owed to a federal agency but to used car dealers and their private insurance companies and is not past due, his settlement proceeds are not subject to administrative offset.

Title 18 U.S.C. § 3612, which addresses procedures for collection of a fine or restitution judgment, provides that the Attorney General shall be responsible for collection of an unpaid fine or restitution. 18 U.S.C. § 3612(c). The United States may enforce a criminal judgment of restitution "in accordance with the practice and procedures for the enforcement of a civil judgment under Federal law or state law." 18 U.S.C. § 3613(a), (f). An order of restitution made pursuant to the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, is a lien in favor of the United States as if it were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c).

Plaintiff's restitution was ordered pursuant to the MVRA, which provides that "[a]n order

of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title . . . ; or (ii) by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Thus, under the MVRA, the government may enforce restitution in the manner that it enforces criminal fines.

The Treasury Department has statutory authority to collect delinquent non-tax debts owed to the federal government by administrative offset. 31 U.S.C. § 3716. An administrative offset means "withholding funds payable by the United States (including funds payable by the United States on behalf of a State government) to, or held by the United States for, a person to satisfy a claim." 31 U.S.C. § 3701(a). For purposes of the administrative offset process, the statute defines a "claim" or "debt" as

> any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States by a person, organization, or entity other than another Federal agency. A claim includes, without limitation -
> . . . .

Any amount the United States is authorized by statute to collect for the benefit of any person. 31 U.S.C. § 3701(b)(1)(D). The Court finds plaintiff's restitution is a debt owed to the government. The criminal judgment ordering plaintiff to pay restitution is a determination by an appropriate official of the United States, and the restitution is an amount the United States is authorized to collect for the benefit of another person.

The Court further finds that plaintiff's debt is not past due. The restitution schedule provided for "[p]ayment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 3 years, to commence 30 days after release from imprisonment

to a term of supervision."[3] The government offers nothing to dispute that plaintiff is current on his payments under the restitution schedule. Instead, the government argues that the existence of a restitution payment plan does not prohibit it from pursuing other authorized means of collection, including garnishment.

Citing 18 U.S.C. § 3664(n), the government contends that even in cases not subject to administrative offset, the MVRA does not allow an individual under a restitution order to come into money yet continue on a minimum payment plan based upon prior circumstances. Section 3664(n) provides: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." Plaintiff, however, is and was not incarcerated when this case was settled.

> The MVRA provides:
>
> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664. Under this provision, the sentencing court has jurisdiction to revise the restitution order. *See United States v, Dye*, 48 Fed. App'x 218, 220 (8th Cir. 2002)(affirming

---

[3]Gov't's Resp. in Opp'n to Mot. for Decl. J., Ex. B at 8 (ECF No. 36-2).

grant of government's motion under 18 U.S.C. § 3664(k) to have cash and computer found after sentencing considered in revising restitution order). The Court agrees that the government has means other than the TOP to enforce restitution. But the Court finds the TOP is not applicable here because plaintiff's debt is not past due.

III.

IT IS THEREFORE ORDERED that plaintiff's motion for declaratory relief is granted. The Court finds that a referral by the Department of Justice of plaintiff to the TOP is not appropriate under the statute.

DATED this 1st day of December, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE